FILED
3:57 pm Nov 02 2018
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PAULA ZELESNIK,** | ) | **CASE NO. 1:18 CV 2471** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| **OHIO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Paula Zelesnik filed this civil action against the following defendants: Ohio, Governor Jon Kasich, GE Healthcare, John Rice, and Cincinnati Group Health Associates (collectively, "Defendants") (Doc. # 1). Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. # 2); that Motion is granted. For the reasons that follow, this case is dismissed.

**A. Analysis**

*Pro se* pleadings are held to a less stringent standards than pleadings drafted by lawyers, and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). That said, federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated

in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The instant Complaint consists in its entirety of the Defendants' names and addresses, and the following: "862 Black Lung (923) & Aesbestos [sic] GEAE" and "Tampering with US Military and commercial jet engines (1998 JSF blade design review), illegal surveillance and death threats of my family, murder of my grandmother Stella Piekos May 2010/MCJ, manipulation of fentanol users in Covington KY at AA meetings at VFW Post 7099 Kelly Furnich CVG 8 pm basement smoking for the murder of 3 individuals by the State of Ohio. See Zelesnik vs Bevin KY Governor [approximately] 4 months ago."

The Complaint does not contain any direct or inferential allegations that would support a plausible claim for relief against Defendants under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988); *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x, 188, 190 (6th Cir. 2004) (complaint subject dismissal where plaintiff fails to allege how the defendants were involved in the claimed conduct). Even liberally construed, Plaintiff does not allege facts that give Defendants "fair notice" of the grounds upon which Plaintiff seeks relief. *See Twombly*, 550 U.S. at 545. The Court is not required to conjure unpleaded facts or construct claims against Defendants on behalf of Plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Accordingly, the Complaint fails to state a claim upon

which relief can be granted and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B. Proceedings *In Forma Pauperis***

Plaintiff is a familiar litigant in the Northern District of Ohio and, in the past eighteen months, has filed nine lawsuits: 1:17-cv-1256 (Zelesnik v. Cleveland SSA, et al.), 1:17-cv-1496 (Zelesnik v. Root et al.), 1:18-cv-2127 (Zelesnik v. University of Dayton, et al.), 1:18-cv-2165 (Zelesnik v. General Motors, et al.); 1:18-cv-2188 (Zelesnik v. Magnificat HS, et al.), 1:18-cv-2360 (Zelesnik v. Laverty, et al.), 1:18-cv-2443 (Zelesnik v. GE Healthcare, et al.), 1:18-cv-2459 (Zelesnik v. Great American Assurance, et al.), and the instant action 1:18-cv-2471 (Zelesnik v. Ohio, et al.). Of these nine, six (including this action) have been dismissed for failure to prosecute or failure to state a claim upon which relief can be granted, and three remain pending. In all of the cases dismissed for failure to state a claim, Plaintiff sought to proceed *in forma paupersis* and was permitted to do so without payment of the required $400.00 filing fee. Plaintiff has also sought to proceed *in forma pauperis* in the three pending cases.

Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 569, 603 (6th Cir. 1998). Zelesnik's repeated filing of meritless lawsuits diverts judicial resources, interferes with the orderly administration of justice, and is incompatible with the privilege of proceeding *in forma pauperis. See Moore v. Controlled Substances Act,* Nos. 4:06-CV-43; 4:06-CV-45, 2006 WL 1313880, at *1 (W.D. Mich. May 12, 2006). "[F]ederal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or duplicative lawsuits." *Lawrence v. Bevin*, CIVIL ACTION NO. 1:16CV-P161-GNS, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *Futernick v. Sumpter Twp.*,

207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). This inherent power includes denying the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing meritless lawsuits. *See In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Weber v. Louisville Metro. Police Dep't*, Civil Action No. 3:16-cv-779-DJH, 2017 WL 1293019, at *2 (W.D. Ky. Apr. 5, 2017) (citing *In re McDonald*).

This Court has a responsibility to ensure that the judiciary's resources are allocated in a manner that advances the interests of justice. Given Zelesnik's history of filing meritless lawsuits in the Northern District of Ohio, the Court concludes that allowing her to continue to file lawsuits in the district without payment of the filing fee does not promote use of Court resources in the interest of justice. *See Maxberry*, 879 F.2d at 224. Accordingly, in the future, Paula Zelesnik will no longer be permitted to file civil litigation in the Northern District of Ohio without payment of the full filing fee.

For all of the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

If in the future Paula Zelesnik desires to file civil litigation in the Northern District of Ohio, she will be required to pay the full filing fee.

**IT IS SO ORDERED**.

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.